ORIGINAL

Case 1:20-cr-00201-UNA   Document 1   Filed 06/09/20   Page 1 of 4



FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN - 9 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENTON JOHNSON | Criminal Indictment<br><br>No. 1:20-CR-201 |

THE GRAND JURY CHARGES THAT:

**Count One**
**(Hobbs Act Robbery – 18 U.S.C. § 1951(a))**

On or about February 14, 2019, in the Northern District of Georgia, the defendant, KENTON JOHNSON, did obstruct, delay and affect commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did knowingly and unlawfully take property, that is, a 2015 Infinity QX60 motor vehicle, belonging to Uber Technologies Inc., located in San Francisco, CA., a business then engaged in interstate commerce, in the presence of an employee of the business, by means of actual and threatened force, violence and fear of injury to the person of the employee, in violation of Title 18, United States Code, Section 1951(a).

**Count Two**
**(Carjacking – 18 U.S.C. § 2119)**

On or about February 14, 2019, in the Northern District of Georgia, the defendant, KENTON JOHNSON, did knowingly and unlawfully take from the person and presence of "G.A.," by force, violence, and intimidation, with the intent to cause death and serious bodily harm to "G.A.," a 2015 Infinity QX60 motor

vehicle, that had been transported, shipped, and received in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2119.

## Count Three
### (Brandishing a Firearm during a Crime of Violence – 18 U.S.C. § 924(c))

On or about February 14, 2019, in the Northern District of Georgia, the defendant, KENTON JOHNSON, did knowingly carry and use a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Carjacking, in violation of Title 18, United States Code, Section(s) 2119, as charged in Count Two of this Indictment, and during and in relation to the commission of that offense, did brandish a firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(A)(ii).

## Forfeiture Provision

Upon conviction of Count One of the Indictment, the defendant, KENTON JOHNSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violation, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense in Count One of the Indictment, or conspiracy to commit such offense, for which the defendant is convicted.

Upon conviction of Count Two of the Indictment, the defendant, KENTON JOHNSON, shall forfeit to the United States of America, pursuant to Title 18,

United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offense and pursuant to Title 18, United States Code, Section 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violation, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense in Count Two of the Indictment, or conspiracy to commit such offense, for which the defendant is convicted.

Upon conviction of Count Three of the Indictment, the defendant, KENTON JOHNSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offense.

If, any of the property described above, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A \_\_\_\_\_True\_\_\_\_\_ BILL

*Andrea Ransonyet*
FOREPERSON

BYUNG J. PAK
*United States Attorney*

*Stephanie Gabay-Smith*
STEPHANIE GABAY-SMITH
*Assistant United States Attorney*
Georgia Bar No. 663519

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

4